United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2003**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

—————————

m 03-30287
Summary Calendar

—————————

KATHERINE TONNAS,

Plaintiff-Appellant,

VERSUS

STONEBRIDGE LIFE INSURANCE COMPANY,
FORMERLY KNOWN AS J.C. PENNEY LIFE INSURANCE CO.,

Defendant-
Third Party Plaintiff-
Appellee,

VERSUS

KYM ADAMS WRIGHT; CHERYL ANN ADAMS; SHEILA ADAMS SANDERS;
GASKIN-SOUTHALL & ASSOCIATES MORTUARY, INC.

Third Party Defendants-
Appellees.

—————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
m 02-CV-2453-M

—————————————

Before SMITH, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Katherine Tonnas appeals a summary judgment, complaining of the district court's failure to address her FED. R. CIV. P. 56(f) motion seeking further discovery. Despite reluctance to "substitute our judgment for that of the district court" on matters such as this, we vacate and remand. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992).

## I.

Tonnas sued in state court to obtain the proceeds from an insurance policy issued to her then husband, John Adams, by the defendant insurer.[1] Although Adams and Tonnas later divorced, Tonnas maintained that she remained the beneficiary. The suit was removed to federal court, whereupon the insurer filed a third party counterclaim against three of Adams's daughters[2] and a funeral home. The daughters moved for summary judgment.

In her opposition to summary judgment, Tonnas moved, under rule 56(f), for additional time, to take two depositions. First, she wished to depose Sheila Sanders, who, Tonnas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] J.C. Penney Life Insurance Company eventually became Stonebridge Life Insurance Company.

[2] Kym Adams Wright, Cheryl Ann Adams, and Sheila Adams Sanders.

believed, ten days before Adams died, had removed papers from a security box at the house where Tonnas and Adams had lived. Tonnas alleged that the security box "contained documentary evidence which will show that Ms. Tonnas is the beneficiary and entitled to any benefits due under the insurance policy." Secondly, Tonnas wished to depose Charles Costa, the insurer's Vice-President of Claims, to learn about the handling of the insurance application and claims process regarding the policy at issue.

Without a hearing, the district court, in a thirty-five-word order, granted summary judgment. It made no mention of the rule 56(f) motion.

## II.

We review for abuse of discretion the denial of a rule 56(f) motion. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999). "The purpose of Rule 56(f) is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Wichita Falls Office Assocs.*, 978 F.2d at 919. Although an abuse of discretion standard leaves a district court with a certain amount of freedom, such discretion "to deny the requested extension is not entirely unfettered." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). A "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course [unless] the non-moving party has not diligently pursued discovery of the evidence." *Id*.

*Wichita Falls Office Associates*, 978 F.2d at 919, lists four requirements from *International Shortstop* that a non-movant must satisfy to receive a continuance under

rule 56(f). First, he must request extended discovery before the court rules on summary judgment. Secondly, he must put the court on notice that further discovery relating to the summary judgment motion is being sought. Thirdly, he must show how the requested discovery relates to the summary judgment motion. Finally, he must have acted in a diligent fashion so as not to have put himself in the current position through inaction. *Id.* (quoting *Int'l Shortstop*, 939 F.2d at 1268, 1267).

Tonnas satisfied all these requirements. She made the rule 56(f) request as part of her memorandum in opposition to the motion for summary judgment. The request expressly stated what Tonnas wished to accomplish during the extension and how the two depositions would weaken appellees' case for summary judgment.[3] Tonnas additionally included an affidavit that explained what she expected to obtain through the depositions. Finally, she seemingly did not behave in a slothful manner. Her request to delay a summary judgment ruling occurred three months before the scheduled end of the discovery period. She learned of an alleged eyewitness account of the taking of the policy and spent some of the intervening time attempting to contact that alleged witness.

Even assuming, however, that a case may be made for denying the rule 56(f) motion, the district court failed to mention it. Its grant of the summary judgment contained no reference to the request for a delay in the summary judgment. Although a court has discretion to deny a rule 56(f) motion and could reason that Tonnas has failed to met one of *International Shortstop*'s requirements, the courts' reasoning normally should appear, in some form, in the judicial record. The fact that Tonnas apparently met all the requirements to receive a rule 56(f) extension makes the lack of a record of reasons for denying the extension more perplexing. By acting without indicating why it apparently denied the otherwise valid rule 56(f) motion, the court abused its discretion.

Consequently, the summary judgment is REVERSED, and this matter is REMANDED for further proceedings. We intimate no view on how the district court should rule on remand.

---

[3] Tonnas stated that she wished to use the depositions to prove the existence of a policy with a specifically-designated beneficiary. Sanders would be forced to bring what she took from the safe deposit box, including the insurance policy. Costa's deposition would focus on whether the insurer actually issued a policy on Adams's life. Both documents would counter the insurer's claim that no documentation indicated that Tannas was the designated beneficiary.